UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KELVIN WELLS

VERSUS

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS, ET AL

CIVIL ACTION

NO. 11-9-BAJ-SCR

## RULING ON MOTION TO DISMISS

Before the Court is Defendant's Motion To Dismiss, filed by defendant Department of Veterans Affairs ("VA") [Rec. Doc. 6] and the plaintiff's Opposition To Motion to Dismiss [Rec. Doc. 7]. For the reasons that follow, the Motion will be granted.

### Background

Plaintiff, Kelvin Wells, commenced this civil action against the VA through the filing of a handwritten *pro se* complaint. *R. 1*. Plaintiff states that he is a disabled Veteran and "has requested through FOIA copies of documents pertaining too [sic] compensation & pension being collected, the full process of compensation & pension claims and being denied health care for Blackout, PTSD, and congestive heart failure." *Id.*, ¶4. Plaintiff requests that the Court order the VA "to surrender materials request [sic] through FOIA," and more specifically, to order the VA to "surrender medical records pertaining to congestive heart failure, falls, and black outs." *Id.*, ¶ 5(a, c). Plaintiff further requests that the Court "order VA to expedite claims in compensation and pension" and to "order VA to return funds collected through Education Dept." *Id.*, ¶ 5(b, d). As to Plaintiff's request related to the Education Department, documents attached to the Complaint indicate that Plaintiff's disability benefits under the compensation and pension program were offset to collect an education debt he owed

under the Montgomery GI Bill. *Id., pp. 4, 7.* Thus, the Complaint reflects that this action has been brought to obtain documents under the Freedom of Information Act ("FOIA") and to obtain benefits under the VA's compensation and pension program.

The VA contends in its motion that Plaintiff's FOIA claim must be dismissed for failure to state a claim for which relief may be granted and the claim for compensation and pension benefits must be dismissed for lack of subject matter jurisdiction. In his opposition, Plaintiff argues that the Court has an "obligation" to enforce his FOIA request and that the VA has denied his compensation as a veteran.[1] The Court will address the VA's motion as well as the Plaintiff's objection in turn.

## *Analysis*

### 1. The FOIA Claim

Dismissal for failure to state a claim pursuant to Rule 12(b)(6) is warranted if the plaintiff fails to present factual allegations that are sufficiently detailed "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering a motion for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the Court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The Court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted). To survive a Rule 12(b)(6)

---

[1] In his opposition, Plaintiff vaguely contends, without any factual allegations, that his "race seems to be a factor in care and compensation and pension." Plaintiff's Complaint contains no such claim.

motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly* at 570. A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Twombly* at 556).

The FOIA requires federal agencies to make non-except and non-exempt records available upon a "request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating ... procedures to be followed." 5 U.S.C. § 552(a)(3)(A). The VA's regulations applicable to FOIA requests are provided at 38 C.F.R. §§ 1.550-1.557. Section 1.557 provides for administrative review within the VA when FOIA requests are denied by VA field offices. That regulation establishes that such denials of requests for records are appealable to the VA Office of General Counsel and that the final agency decisions in such appeals are made by the general Counsel or Deputy General Counsel. 38 C.F.R. § 1.557(a) and (b).

Here, Plaintiff has neither alleged nor demonstrated that he has made a request to the VA for reasonably described records; nor that he has appealed a denial of such a request to the VA Office of General Counsel. It is well established that a claimant must exhaust his administrative remedies prior to requesting judicial relief under FOIA.

*Voinche v. U.S. Dep't of Air Force*, 983 F.2d 667, 669 (5th Cir.1993); *Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir.1979). FOIA expressly conditions the agency's obligation to process requests on the requester's compliance with "published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A).

The Court notes that the plaintiff in this action was also a plaintiff in other actions in which he alleged violation of his rights under FOIA: (1) *Wells v. Dept. of Education*, 2009 WL 2475434, *2 (M.D. La. August 12, 2009); (2) *Wells v. Dept. of Education*, 2011 WL 2882975 (M.D. La. May 9, 2011); and, (3) *Wells v. Dept. of Education*, 2011 WL 2937982 (M.D. La. July 15, 2011). In each of these actions, the Court dismissed the suit at least in part because the plaintiff failed to assert within the complaint any allegation concerning the exhaustion of administrative remedies. Plaintiff has again failed to assert any allegation concerning exhaustion of administrative remedies under the FOIA. Accordingly, the Court finds that Plaintiff has failed to state an actionable claim under FOIA pursuant to Federal Rule of Civil Procedure 12(b)(6).

**2. The VA's Compensation and Pension Program**

Plaintiff's complaint seeks to reverse the Veterans Administration's offset of his compensation and pension benefits related to his education debt under the Montgomery GI Bill. It is unclear whether Plaintiff applied administratively for increased benefits and was unsuccessful or whether he filed an administrative appeal at all. Either way, judicial review of such a decision cannot proceed in United States district courts.

The Veterans' Judicial Review Act of 1988, 38 U.S.C. §§ 7251-7299 (2004), ("VJRA"), provides "an exclusive review procedure by which veterans may resolve their disagreements with the Department of Veterans Affairs." *Zuspann v. Brown*, 60 F.3d 1156, 1158 (5th Cir.1995); *Lewis v. McQuaid*, 2006 WL 3759658, No. 2:06CV1268, at *2 (W.D.La. Dec. 19, 2006); *Carlisle v. United States*, 66 Fed. Cl. 627, 633 (2005). Under that statute, veterans may appeal initial adverse benefits determinations to the Board of Veterans Appeals. 38 U.S.C. § 7104(a); *see also Zuspann* at 1159. If that administrative appeal is unsuccessful, the United States Court of Appeals for Veterans' Claims may then review the decision of the Board of Veterans Appeals. 38 U.S.C. § 7252; *see also Zuspann* at 1159. If still unsuccessful, veterans may then seek further review in the Court of Appeals for the Federal Circuit. 38 U.S.C. §§ 7252, 7292(c). The Federal Circuit's appellate jurisdiction to review and decide any challenge is exclusive. 38 U.S.C. § 7292(c); *see also Zuspann* at 1159. After the Federal Circuit issues its decision, an unsuccessful veteran may then petition the United States Supreme Court for a writ of certiorari. 38 U.S.C. § 7292(c).

Under this exclusive remedial scheme, a United States district court lacks subject-matter jurisdiction over claims for veteran's benefits. Thus, Plaintiff's action must be dismissed because it constitutes either an original application for veteran's benefits, or an appeal from denial of an application therefor.

### *Conclusion*

The Court finds that Plaintiff has failed to assert any allegation concerning exhaustion of administrative remedies under the FOIA, and therefore, Plaintiff's FOIA

claim must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Also, as the Court lacks subject matter jurisdiction over Plaintiff's claim for veteran's benefits, his claim must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Accordingly,

**IT IS ORDERED** that the Motion to Dismiss filed by the United States Department of Veterans Affairs is **GRANTED** and plaintiff, Kelvin Wells, claims in this action are **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, September 14, 2012.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA